TOMMY SARTIN

*v.*

DONALD E. BORDENKIRCHER,
*Superintendent, West Virginia Penitentiary*

(No. 14969)

Decided December 2, 1980.

*Mark McOwen* for petitioner.

*Chauncey H. Browning*, Attorney General, *Richard S. Glaser, Jr.*, Assistant Attorney General, for respondent.

PER CURIAM:

On September 11, 1980, acting under its original juris-diction in habeas corpus, this Court granted a rule re-

quiring the respondent, Donald E. Bordenkircher, to show cause why the relator, Tommy Sartin, should not be discharged from his confinement in the penitentiary for the reason that he had twice been denied his right to an appeal from an August 1, 1978 conviction in the Circuit Court of Wayne County of the crime of second degree sexual assault.

Relator, an indigent represented by appointed counsel, was sentenced on October 3, 1978, and the first appeal period expired without an appeal being filed in his behalf, even though the transcript was filed during this period. Relator then filed a pro se petition for a writ of habeas corpus which was granted by this Court on September 20, 1979. Pursuant to that writ relator was resentenced on December 18, 1979, and although trial counsel was "reappointed" to represent him on appeal, and new counsel was also appointed, no appeal was perfected during the second appeal period.

The relator contends the State has been extraordinarily derelict in failing to provide him with his right to appeal, and he prays that this Court grant him an unconditional discharge, and enjoin the State from retrying him. The State asserts that this is not a case of extraordinary dereliction, and that the appropriate remedy is a conditional discharge from custody, stayed for a period of thirty days to allow the relator to be resentenced to begin a third appeal period.

In habeas corpus proceedings involving a claim of ineffective assistance of counsel because of the failure to prosecute a timely appeal we have held that where there has been extraordinary derelection on the part of the State the appropriate remedy is unconditional discharge. *Carter v. Bordenkircher*, 159 W.Va. 717, 226 S.E.2d 711 (1976). In the case of *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977) we established a test for determining whether the State had been extraordinarily derelict:

Factors to be considered in determining whether there has been extraordinary dereliction are:

the clarity and diligence with which the relator has moved to assert his right of appeal; the length of time that has been served on the underlying sentence measured against the time remaining to be served; whether prior writs have been filed or granted involving the right of appeal; and the related question of whether resentencing has occurred in order to extend the appeal period. . . ." Syl. pt. 6, *Rhodes v. Leverette.*

As *Rhodes* also held "[e]xtraordinary dereliction on the part of the State sufficient to warrant unconditional release in a habeas corpus proceeding . . . will largely depend on the facts of the individual case." The pertinent facts of this case are as follows: On October 30, 1978, relator's trial counsel, George D. Beter, filed a notice of intent to appeal, and while Beter informed relator by letter dated October 31 that he would no longer represent the relator in regard to this appeal, Beter remained counsel of record throughout the course of these proceedings. No order indicating his withdrawal is present on the record before us, and by letter of March 8, 1979, the Judge of the Circuit Court of Wayne County informed relator that Beter was in fact his lawyer for purposes of an appeal. The relator had ample reason to believe his appeal was being prosecuted during the first appeal period.

In December 1979, Beter was "reappointed" as appellate counsel, and a second attorney, Peter Niceler, was also appointed to represent the relator for the second appeal attempt. A notice of intent to appeal was filed on February 1, 1980, and on March 26, 1980, Niceler sent a letter to the relator indicating that he was working on the appeal. At this time relator was justified in believing his appeal was being perfected. Then, on April 26, 1980, Niceler corresponded with relator to inform him that, with the court's permission, he was withdrawing as counsel. Responding to this information, relator sent a May 1, 1980 letter to Niceler asking him to be sure to bring the matter to the judge's attention so that new counsel could be appointed. Relator was justified in be-

lieving this would be done. In addition to this letter, relator had, in connection with his appeal, written to Beter in March 1979, to the Judge of the Circuit Court of Wayne County in January 1980, and to the Clerk of this Court in June 1980. Upon these facts, we conclude relator acted with diligence in regard to the pursuit of his appeal.

In regard to the second factor set forth in *Rhodes*, the record of this case reveals relator has served two and one-half years of his sentence, and it is quite probable that were he to be resentenced he would serve almost the entire minimum sentence of five years and be eligible for parole before an appeal could be finally determined.

Regarding the third factor in *Rhodes*, the record reveals the relator has filed two petitions for writs of habeas corpus seeking his discharge, and has been resentenced once to begin a new appeal period.

We conclude that under the test established in *Rhodes*, these facts present a case of extraordinary dereliction on the part of the State. The appropriate remedy is the unconditional discharge of the relator from confinement. This remedy places the relator in the same position he would have occupied had he been successful in an appeal, and does not, on double jeopardy grounds, bar a retrial. Syl. pt. 3, *Rhodes*. Were this a case involving reversal for reasons of evidentiary insufficiency, double jeopardy principles would bar a retrial. Syl. pt. 4, *State v. Frazier*, ___ W.Va. ___, 252 S.E.2d 39 (1979).

There is an attempt in this case to represent that the running of the two appeal periods was in some way due to "inadvertence" or some confusion arising from the question of whether George Beter was appellate counsel following the completion of the trial. There is no legitimate ground for such confusion because two years prior to the relator's trial, this Court held:

> In all future cases, whenever counsel is appointed in the trial court for an indigent under

*W.Va. Code*, 62-3-1 [1975] counsel should be informed that he will also be responsible by separate appointment for the appeal if one should be required, and immediately upon the conviction of the defendant and the disposition of post-trial motions, the same counsel should be reappointed to prosecute the appeal unless the trial court for good cause determines that other counsel should be appointed. Syl. pt. 3, *Carter v. Bordenkircher*, 159 W.Va. 717, 226 S.E.2d 711 (1976).

We hasten to add, of course, that the second appointment would carry with it appropriate compensation for services rendered on appeal, thus creating no undue hardship on the trial attorney. Clearly, had counsel or the court followed the direction of this syllabus point this proceeding would be unnecessary.

For the foregoing reasons the writ of habeas corpus is awarded as moulded to unconditionally discharge the relator from further confinement.

*Writ awarded*
*as moulded.*